In 1983, the plaintiff pleaded guilty to three counts of rape and abuse of a child, and five counts of indecent assault and battery on a child under fourteen. The victims were his girl friend's six year old daughter, and his own five year old niece. He was civilly committed as a sexually dangerous person in 1985, and released from that confinement in 2009. The Sex Offender Registry Board (SORB) initially classified him as a level three sex offender, but he secured a right to a new administrative hearing after the Supreme Judicial Court issued Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015) (establishing that SORB's classification decisions must be based on clear and convincing evidence). SORB again recommended that the plaintiff be classified as a level three sex offender, but the hearing examiner rejected that recommendation and assigned him level two status. On the plaintiff's appeal, a Superior Court judge affirmed. We also affirm.
Our review is limited. See Doe No. 380316, supra at 300. Before we may vacate a classification decision, Doe must carry his "burden of showing that one of [the enumerated] conditions [set forth in G. L. c. 30A, § 14 (7),] has been met." Id. Doe makes three essential arguments.
First, Doe suggests that the hearing examiner improperly rejected the opinion of his expert, Dr. Joseph Plaud, that he presented only a negligible risk of reoffense. It is well established that an examiner may adopt or reject, in whole or in part, an expert's opinion provided the examiner has adequate reason to do so. Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 764 (2006). Contrary to the plaintiff's suggestion, the record establishes that the hearing examiner fully and carefully considered Dr. Plaud's report, testimony, and opinion but found them unpersuasive for multiple, well-articulated reasons. For example, the hearing examiner acknowledged that Dr. Plaud did not base his analysis on the comprehensive risk factors set forth in G. L. c. 6, § 178K (1) (a ) - (k ), and 803 Code Mass. Regs. § 1.33 (2016), and therefore examined only a limited number of the factors that the hearing examiner was required to consider. For example, the hearing examiner found three of the regulatory "high-risk" factors to be fully applicable to Doe.[2] See and compare Doe No. 1211, supra (examiner properly rejected expert's opinion where examiner found applicable several risk elevating factors, including two "high-risk" factors). In addition, the hearing examiner found numerous additional regulatory risk elevating factors to be fully or partially applicable.[3] On this record, the hearing examiner did not abuse her discretion by finding Dr. Plaud's opinion "less than convincing."
Second, the plaintiff maintains that the hearing examiner improperly found that certain regulatory factors applied, or otherwise improperly gave factors "increased weight."[4] For example, the plaintiff suggests that a hearing examiner may apply factor 2 (repetitive, compulsive behavior) only where the offender has previously been charged with similar sex offenses. We disagree. The regulations expressly state that this factor applies where the offender "engages in two or more separate episodes of sexual misconduct[, and that] [t]o be considered separate episodes there must be time or opportunity, between the episodes, for the offender to reflect on the wrongfulness of his conduct." 803 Code Mass. Regs. § 1.33 (2) (a). The examiner did not erroneously conclude that the plaintiff's multiple attacks on two separate child victims over a period of approximately six months constituted "two or more separate episodes of sexual misconduct." Id. See Doe No. 1211, 447 Mass. at 763-764.
We need not discuss at any length the plaintiff's arguments with respect to the remainder of the factors Doe argues the examiner inappropriately considered. It suffices to point out that the plaintiff has acknowledged that: (i) he was an adult at the time he committed his predicate offenses and that his victims were five- and six year old children; (ii) he was adjudged a sexually dangerous person; and that (iii) he, at least during the earlier periods of his incarceration and civil commitment, engaged in antisocial behavior that subjected him to additional disciplinary action. We pause only briefly to comment on the plaintiff's assertion that he did not commit his offenses in a "public place" (factor 16). Although the offenses apparently took place in the living room of his then-girl friend, the record makes clear that the living room was a "place where detection is likely ... that is open to the scrutiny of others or where there is no expectation of privacy." 803 Code Mass. Regs. § 1.33 (16) (a). See Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 789 (2006).
Third, the plaintiff suggests that the hearing examiner did not properly consider and weigh his more recent behavior. He contends that at some point during the time that he was civilly committed as a sexually dangerous person and since his 2009 release from that commitment, his "treatment eventually sank in." According to him, his "quest to rehabilitate himself, his treatment success, [and] his age and significant time in the community (among other things)" all admit of only one reasonable conclusion: that "there is not enough evidence to support [the] level 2" final classification decision. We disagree.
While we appreciate that the plaintiff has been offense free in the community for a number of years, actively participated in sex offender treatment, is of advancing age, and that he enjoys community support, it was for the examiner, not for us, to consider, weigh, and balance such matters. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 637 (2011). Accordingly, whether we necessarily would have come to the same conclusions as the hearing examiner is of no moment. The examiner fully considered the mitigating factors, as well as numerous aggravating considerations mandated by the applicable regulations. See notes 1 and 2, supra. We agree with the judge that substantial evidence supports the hearing examiner's discretionary choices, including her ultimate conclusion that, on balance, the plaintiff presents a moderate continuing risk of reoffense and dangerousness. See Doe No. 1211, 447 Mass. at 762-764.
Judgment affirmed.

Factor 2 (repetitive and compulsive behavior as evidenced by multiple sexual offenses against two separate victims over a period of six months); factor 3 (adult offender with child victims); and factor 5 (commitment as a sexually dangerous person).

Factor 7 (one victim was extrafamilial); factor 12 (documented antisocial behavior while in custody between 1986 and 2009); factor 16 (Doe sexually abused child victims in public place); factor 18 (five- and six year old victims were extra-vulnerable); factor 19 (high level of physical contact, including forced oral sex and vaginal penetration); factor 21 (diverse victim types); and factor 22 (multiple victims). The hearing examiner also gave "minimal" weight to factor 10 (prior contact with criminal justice system arising from a juvenile matter).

Factor 2 (repetitive and compulsive behavior), factor 3 (adult offender with child victim), factor 5 (offender adjudicated a sexually dangerous person), factor 7 (relationship between offender and victim), factor 10 (contact with the criminal justice system), factor 12 (behavior while incarcerated or civilly committed), and factor 16 (offense committed in a public place).